UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TELEICHIA DYER | § | |
| | § | |
|     Plaintiff | § | |
| VS. | § | 5:23-cv-01383-XR |
| | § | |
| ELVIS' SERVICES, INC. and | § | |
| MIRNES HRUSTIC | § | |
| | § | |
|     Defendants | § | JURY DEMANDED |

### DEFENDANTS ELVIS' SERVICES, INC. AND MIRNES HRUSTIC'S FIRST AMENDED ANSWER

COMES NOW Elvis' Services, Inc. and Mirnes Hrustic, Defendants herein ("Defendants," "Elvis' Services," or "Hrustic"), and file this, their First Amended Answer to Plaintiff Teleichia Dyer's ("Plaintiff") September 25, 2023, Original Petition in the state court action styled *Teleichia Dyer v. Elvis' Services, Inc. and Mirnes Hrustic (incorrectly named "Hrustic Mirnes")*, Cause No. 23-2358-CV-E in the 25th Judicial District Court of Guadalupe County, Texas (Dkt. 1-3), and respectfully allege the following:

### I.
### FIRST DEFENSE

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants would show that Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

### II.
### SECOND DEFENSE

Subject to and without waiving the foregoing defenses, Defendants answer the allegations contained within the separately numbered paragraphs of Plaintiff's Original Petition, and would show as follows:

**"Exhibit A"**

The allegations contained in Caption Paragraph are admitted, insomuch as Elvis' Services' name is concerned. The allegations contained in Caption Paragraph are denied, insomuch as Mr. Hrustic was incorrectly named "Hrustic Mirnes" in Plaintiff's Original Petition.

1. The allegations contained in Paragraph I(1) are denied, because this case is now subject to the Federal Rules of Civil Procedure.

2. The allegations contained in Paragraph II(2) are denied, because this case was properly removed to this honorable Federal Court.

3. The allegations contained in Paragraph III(3) are denied, because based on information and belief Plaintiff was a resident of the State of Florida at the time of the August 24, 2023, occurrence in question.

4. The allegations in Paragraph III(4) are admitted.

5. The allegations in Paragraph III(5) are admitted.

6. The allegations contained in Paragraph IV(6) are denied.

7. The allegations contained in Paragraph IV(7) are denied, because Mr. Hrustic was a contract driver for Elvis' Services, and because Defendants did not require United States Department of Transportation Federal Motor Carrier Safety Administration (FMSCA) commercial operating authority to operate the 2020 Mercedes-Benz Sprinter van that Mr. Hrustic was operating at the time of the occurrence in question. The allegations contained in Paragraph IV(7) are admitted, insomuch as Mr. Hrustic was operating the van in the course and scope of his contracting job for Elvis' Services at the time of the occurrence in question.

8. The allegations contained in Paragraph V(A)(8) are denied.

9. The allegations contained in Paragraph V(A)(9) are denied.

**"Exhibit A"**

10. The allegations contained in Paragraph V(A)(10) are denied.

11. The allegations contained in Paragraph V(A)(11) are denied.

12. The allegations contained in Paragraph V(B)(12) are denied.

13. The allegations contained in Paragraph V(B)(13) are denied.

14. The allegations contained in Paragraph V(B)(14) are denied.

15. The allegations contained in Paragraph V(B)(15) are denied.

16. The allegations contained in Paragraph V(B)(16) are denied.

17. The allegations contained in Paragraph V(B)(17) are denied.

18. The allegations contained in Paragraph V(B)(18) are admitted, insomuch as Mr. Hrustic was performing contract work for Elvis' Services at the time of the occurrence in question.

19. The allegations contained in Paragraph V(B)(19) are denied, insomuch as they content Mr. Hrustic was Elvis' Services' employee. The allegations contained in Paragraph V(B)(19) are admitted, insomuch as Mr. Hrustic was performing contract work for Elvis' Services at the time of the occurrence in question.

20. The allegations contained in Paragraph V(B)(20) are admitted, insomuch as Mr. Hrustic was performing contract work for Elvis' Services at the time of the occurrence in question.

21. The allegations contained in Paragraph V(C)(21) are denied.

22. The allegations contained in Paragraph V(C)(22) are denied.

23. The allegations contained in Paragraph V(D)(23) are denied.

24. The allegations contained in Paragraph V(D)(24) are denied.

25. The allegations contained in Paragraph V(E)(25) are denied.

26. The allegations contained in Paragraph V(E)(26) are denied.

27. The allegations contained in Paragraph V(F)(27) are denied.

3

# "Exhibit A"

28. The allegations contained in Paragraph V(G)(28) are denied.

29. The allegations contained in Paragraph V(G)(29) are denied.

30. The allegations contained in Paragraph V(G)(30) are denied.

31. The allegations contained in Paragraph VI(31) are denied, insomuch as Defendants deny Plaintiff sustained injuries as a result of the occurrence in question. The allegations in Paragraph VI(31) are admitted, insomuch as Plaintiff's alleged damages are over $1,000,000.00. The allegations contained in Paragraph VI(31) are admitted, insomuch as Plaintiff's alleged damages, and thus the amount in controversy, exceed the sum or value of $75,000.00.

32. The allegations contained in the Paragraph VII are denied.

33. The allegations contained in the Paragraph VIII are admitted.

## III.
## THIRD DEFENSE

Defendants answer that Plaintiff was guilty of one or more acts of contributory negligence or comparative responsibility, which proximately caused the alleged August 24, 2023, accident and the damages allegedly sustained by Plaintiff.

## IV.
## FOURTH DEFENSE

Defendants answer that potential Responsible Third Parties Loadhaus, Inc., MMTA Services, Inc. and TransAm Trucking, Inc.'s comparative responsibility proximately caused the alleged August 24, 2023, accident and the damages allegedly sustained by Plaintiff.

## V.
## FIFTH DEFENSE

Defendants plead TEXAS CIVIL PRACTICE AND REMEDIES CODE, Chapter 33, and ask the Court and Jury to consider the relative damages and conduct of the parties, all tortfeasors including

4

**"Exhibit A"**

Plaintiff, any settling persons and any designated Responsible Third Parties, and accord Defendants full benefit of said law.

## VI.
## SIXTH DEFENSE

Defendants further answer and say that if the Plaintiff has suffered or is suffering from any illness, disease, or condition which, in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition and which did not proximately result from the occurrence made the basis of this suit, then Plaintiff is not entitled to recover for those damages in connection with the incident in question.

## VII.
## SEVENTH DEFENSE

Pleading further and without waiving or limiting the foregoing, any and all damages sustained by Plaintiff resulted, in whole or in part, of intervening new and independent causes, and are not the result of any act or omission on the part of Defendants.

## VIII.
## EIGHTH DEFENSE

Defendants are not liable since the accident in question was an unavoidable accident or they were faced with a sudden emergency.

## IX.
## NINTH DEFENSE

Plaintiff is required to prove loss of earnings or loss of earning capacity in the form which represents net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. TEXAS CIVIL PRACTICE AND REMEDIES CODE, §18.091. Additionally, Defendants request the Court to instruct the jury as to whether any

5

**"Exhibit A"**

recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal and state income taxes.

## X.
## TENTH DEFENSE

Plaintiff's "right" to recover medical expenses is limited by the provisions of TEXAS CIVIL PRACTICE AND REMEDIES CODE §41.0105. Thus recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## XI.
## ELEVENTH DEFENSE

To the extent that Plaintiff seeks recovery of exemplary or punitive damages, Defendants plead TEXAS CIVIL PRACTICE AND REMEDIES CODE Chapter 41, including §41.008, and insist upon such damages being limited and capped as provided by statute. Defendants further plead for the protection of any and all other statutes relating to damage caps and limits.

## XII.
## TWELFTH DEFENSE

Plaintiff failed to mitigate damages. Defendants would show that they are not liable for any conditions resulting from the failure, if any, of Plaintiff, to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question. Plaintiff's failure to mitigate damages included, but was not limited to: Plaintiff's failure, if applicable, to submit the healthcare expenses she claims were reasonably related to the subject occurrence to a healthcare insurance company, and failure to enjoy contractual insurance company reductions available through healthcare insurance; and, if applicable, her failure to have healthcare insurance and failure to enroll for healthcare insurance as required by law (*See* PATIENT PROTECTION AND AFFORDABLE CARE ACT "ACA," 26 U.S.C. §5000A, or successor act).

**"Exhibit A"**

## XIII.
## JURY DEMAND

Defendants demand a trial by jury.

WHEREFORE, premises considered, Defendants pray that, upon final hearing, judgment be entered that Plaintiff takes nothing and Defendants be awarded costs of Court. Defendants request any and all such further relief to which they may be shown justly entitled to receive.

Respectfully submitted,

**DEAS & ASSOCIATES**
**Mailing Address:**
P.O. Box 64093
St. Paul, Minnesota 55164-0093
**Physical Address:**
9601 McAllister Freeway, Suite 713
San Antonio, Texas 78216
Telephone: (210) 525-2100
Facsimile: (855) 848-0737
Email: CRhodes2@Travelers.com
E-Service Only: EServSanA@Travelers.com

/s/ Christopher L. Rhodes
CHRISTOPHER L. RHODES
State Bar No. 16812750

**ATTORNEY FOR DEFENDANTS**
**ELVIS' SERVICES, INC. AND**
**MIRNES HRUSTIC**

7

## "Exhibit A"

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on _____, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of below in the manner specified, either via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

| | |
|---|---|
| Kurt Brynilde Arnold<br>Micajah Daniel 'Caj' Boatright<br>Roland Christensen<br>Adam Lewis<br>ARNOLD & ITKIN, LLP<br>6009 Memorial Drive<br>Houston, Texas 77007 | **Via Electronic Service** |

                /s/ Christopher L. Rhodes
                CHRISTOPHER L. RHODES

8

## "Exhibit A"